IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAITLYN M. COOPER and : Civil No. 3:24-cv-719
BRADLEY-LEWIS DALE COOPER, a :
minor, : (Judge Mariani)
:
    Plaintiffs :
:
v. :
:
SCI MUNCY WARDEN NICHOLAS, et al., :
:
    Defendants :

## MEMORANDUM

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Kaitlyn Cooper ("Cooper"), an inmate confined at the State Correctional Institution, Muncy, Pennsylvania ("SCI-Muncy"). (Doc. 1). In addition to the claims made by Cooper on her own behalf, Cooper also brings this action on behalf of her minor child, Bradley-Lewis Dale Cooper. Named as Defendants are Warden Wendy Nicholas, Schuylkill County Judge Russel, Schuylkill County Judge Hobbs, Assistant District Attorney Foose, Jeffrey Markowsky, Esquire, the Pennsylvania Board of Probation and Parole, the Schuylkill County Prison, the Carbon County Prison, and SCI-Muncy. Cooper alleges that her sentence is illegal. She also attacks the conditions of confinement at the Carbon County Prison, the Schuylkill County Prison, and SCI-Muncy.

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (b)(2).

I.  **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).  This initial screening is to be done as soon as practicable and need not await service of process.  *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa.

2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

4

Because Cooper proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

II.   **Discussion**

Cooper seeks to assert federal constitutional claims under 42 U.S.C. § 1983. Her complaint primarily consists of a factual narrative of the events giving rise to her state court criminal case. (Doc. 1 ¶¶ 12-19, 22-30). Cooper generally alleges that her sentence was illegal imposed, that she was denied effective assistance of counsel, denied adequate medical care, denied the right to practice her religion, and she sets forth an interference with legal mail claim. (*Id.* ¶¶ 19-21, 31). These events purportedly occurred at the Schuylkill County Prison, the Carbon County Prison, and SCI-Muncy. Cooper does not assert that any of the named Defendants were personally involved in the alleged constitutional violations. Cooper seeks immediate release from custody[1], declaratory and injunctive relief, and monetary damages. (*Id.* ¶¶ 32-37).

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

---

[1]   To the extent that Cooper desires release from custody, she cannot obtain it in a § 1983 action, but must instead seek a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against the Schuylkill County Prison, Carbon County Prison, and SCI-Muncy

It is well-settled that a prison or correctional facility is not a "person" within the meaning of § 1983 and that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). Thus, the Schuylkill County Prison, the Carbon County Prison, and SCI-Muncy are not proper parties under § 1983 and are entitled to dismissal.

### B. Claims Against the Pennsylvania Board of Probation and Parole

The Eleventh Amendment bars suits against a state and its agencies in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). And the Eleventh Amendment affords the Pennsylvania Board, a state agency, protection from suit in an action brought

6

pursuant to 42 U.S.C. § 1983. *See Harper v. Jeffries*, 808 F.2d 281, 284 n. 4 (3d Cir.1986) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. *See Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir.2000); 42 Pa. Cons.Stat. Ann. § 8521(b). Therefore, Cooper's claims against the Pennsylvania Board of Probation and Parole are barred by the Eleventh Amendment.

### C. Claims Against Judge Russel and Judge Hobbs

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally…'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Cooper's claims against Judge Russel and Judge Hobbs are based on their actions in their judicial capacities in presiding over Cooper's criminal proceedings. Accordingly, Judge Russel and Judge Hobbs enjoy absolute immunity from suit and Cooper's claims must be dismissed under § 1915(e)(2)(B).

### D. Claims Against District Attorney Foose

To the extent that Attorney Foose, the Assistant District Attorney, is a state actor, he is also entitled to absolute immunity, as his actions were part of legal actions in the trial court in the criminal case against Cooper. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (finding that absolute immunity attaches to a prosecutor's "presentation of evidence or legal argument" before the trial court). District Attorney Foose is entitled to dismissal from this action.

### E. Claims Against Attorney Markowsky

The § 1983 claims against Cooper's attorney—Markowsky—must also be dismissed. Private attorneys are not "state actors" subject to liability under § 1983. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

### F. Claims Against Warden Nicholas

Warden Nicholas appears to be the only proper party in this action. In any event, Cooper's complaint fails to allege any personal involvement of Defendant Nicholas and fails to set forth any factual averments that identify how she was involved in any alleged wrongdoing. Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.

2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. ICE*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a compliant must allege the "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201-202 (3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice. *Broadwater v. Fow*, 945 F.Supp.2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202).

Cooper's claims against Defendant Nicholas appear to be based solely on her role as Warden of SCI-Muncy, Cooper's current place of confinement. Cooper generally alleges that Warden Nicholas "is legally responsible for the operation of SCI Muncy and the welfare of all inmates currently confined in SCI Muncy." (Doc. 1 ¶ 4). The complaint does not provide any specific factual averments explaining how Defendant Nicholas violated

9

Cooper's constitutional rights. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*, and Defendant Nicholas cannot be held liable solely based on her supervisory role of Warden. *See Rode*, 845 F.2d at 1207. Accordingly, to the extent that Cooper's claims rely on a *respondeat superior* theory of liability against Defendant Nicholas, she is entitled to dismissal.

### G.  Claims for Declaratory and Injunctive Relief

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The mootness doctrine recognizes that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *see Griffin v. Beard*, 401 F. App'x 715 (3d Cir. 2010) (transfer from SCI-Huntingdon renders inmate injunctive relief claim moot).

Cooper is no longer housed at the Schuylkill County Prison. In light of Coper's transfer from the Schuylkill County Prison, her requests for injunctive and declaratory relief in relation that prison (*see* Doc. 1 ¶¶ 33-34), are now moot.

### III. Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Cooper. *See Erickson*, 551 U.S. 89. The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Based on the nature of the allegations, and because the majority of the Defendants are entitled to immunity, the Court finds that affording Cooper leave to amend would be both futile and inequitable.

## IV.     Conclusion

The Court is confident that service of process is unwarranted in this case and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. § 1915A(b)(1), (b)(2).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May ___1___, 2024